UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62062-BLOOM/Valle

DUYWASHMAN, LLC,

      Plaintiff,

v.

FOREVER YOUNG MEDSPA, LLC,

      Defendant.

_____/

## ORDER ON MOTION TO STAY

**THIS CAUSE** is before the Court upon Defendant Forever Young Medspa, LLC's ("Defendant") Motion to Stay Proceedings Pending TTAB Determination, ECF No. [8] ("Motion"). Plaintiff Duywashman, LLC ("Plaintiff") filed a Response in Opposition, ECF No. [13] ("Response"). To date, Defendant has not filed a Reply or requested additional time in which to do so. As such, the Court considers the Motion without the benefit of a Reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.     BACKGROUND

On January 20, 2005, Defendant filed its Articles of Organization with the Florida Secretary of State. *See* ECF No. [8] at 1. On May 22, 2018, Plaintiff filed for registration of the phrase "4EVER YOUNG" with the United States Patent & Trademark Office ("PTO"). *See id.* at 2. Upon learning of the federal registration, Defendant initiated a lawsuit against Plaintiff in the Southern District of Florida, Case No. 21-cv-60209-PCH, but later dismissed the case and instead filed a Petition to Cancel Registration with the United States Trademark Trial and Appeals Board

("TTAB"). *See id.* at 2-3. Plaintiff subsequently initiated the instant lawsuit seeking declaratory and injunctive relief in this Court and filed a Motion to Suspend Cancellation Proceeding with TTAB, asking the TTAB to suspend its proceedings until this Court makes a final determination. *See id.* at 3; *see also* ECF No. [1].

In the instant Motion, Defendant seeks to stay the proceedings in this case pending the TTAB's determination pursuant to the doctrine of primary jurisdiction. *See* ECF No. [8] at 4. Defendant also argues that the first-filed rule favors a stay in this case to allow for the TTAB action to proceed. *See id.* at 6-7. Plaintiff argues that the Court should deny the Motion because courts have declined to apply the doctrine of primary jurisdiction in similar cases. *See* ECF No. [13] at 3-5. Plaintiff also argues that the first-filed rule is not applicable to this case and that Defendant has not met the burden of justifying its need for a stay. *See id.* at 5-8.

## II.      LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

The doctrine of "primary jurisdiction is a judicially created doctrine whereby a court of competent jurisdiction may dismiss or stay an action pending a resolution of some portion of the actions by an administrative agency." *Smith v. GTE Corp.*, 236 F.3d 1292, 1298 n.3 (11th Cir. 2001) (citation and internal quotation marks omitted). "Even though the court is authorized to adjudicate the claim before it, the primary jurisdiction doctrine 'comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial

process is suspended pending referral of such issues to the administrative body for its views.'" *Id.* (quoting *United States v. Western Pac. R.R. Co.,* 77 S.Ct. 161, 165 (1956)). The doctrine of primary jurisdiction serves two purposes: (1) ensuring "uniformity and consistency in the regulation of business entrusted to a particular agency[;]" and (2) allowing "the expert and specialized knowledge of the agencies" to ascertain certain matters before judicial consideration of the legal claims. *Western Pacific R.R.,* 352 U.S. at 64.

In regard to the first-filed rule, the Eleventh Circuit has determined that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." *Manuel v. Convergys Corp.,* 430 F. 3d 1132, 1135 (11th Cir. 2005). Moreover, the Eleventh Circuit requires "that the party objecting to jurisdiction in the first-filed forum carry the burden of proving compelling circumstances to warrant an exception to the first-filed rule." *Id.* (citation and internal quotation marks omitted).

## III.   DISCUSSION

First, the Court addresses Defendant's argument that the Court should stay the proceedings in light of the primary jurisdiction doctrine. Defendant concedes that the Eleventh Circuit has not addressed the applicability of the primary jurisdiction doctrine in the field of trademark law and that district courts are divided on the issue. *See* ECF No. [8] at 5. Defendant relies on three cases outside the Eleventh Circuit where courts have stayed the proceedings pending a decision by the TTAB. *See* ECF No. [8] at 5-6 (citing *Driving Force, Inc. v. Manpower, Inc.,* 498 F. Supp. 21 (E.D. Pa. 1980); *C-Cure Chemical Co. v. Secure Adhesives Corp.,* 571 F. Supp. 808 (W.D.N.Y. 1983); *Citicasters Co. v. Country Club Communications*, 44 U.S.P.Q.2d 1223, 1997 WL 715034 (C.D. Cal. 1997)). Relying on those cases, Defendant argues that the TTAB's specialization in

federal registration issues makes it better equipped to consider the issuance and use of Plaintiff's mark. *See* ECF No. [8] at 6.

Plaintiff responds that Defendant's three cases set forth a minority position that has been rejected by at least two district courts in the Eleventh Circuit and several circuit courts. *See* ECF No. [13] at 3-4 (citing *Deltona Transformer Corp. v. Noco Co.*, No. 619CV308ORL41LRH, 2019 WL 5390476, at *11 (M.D. Fla. Sept. 16, 2019), *report and recommendation adopted*, No. 619CV308ORL41LRH, 2019 WL 5558818 (M.D. Fla. Oct. 29, 2019); *BP Int'l Rts. Holdings, Inc. v. Bos. Gourmet Coffeehouse, Inc.*, No. 607CV1783ORL22KRS, 2008 WL 11436772, *2 (M.D. Fla. Jan. 2, 2008); *Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848, 853-54 (2d Cir. 1988); *PHC v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 80 (1st Cir. 1996); *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1164 (9th Cir. 2007); *W & G Tenn. Imps., Inc. v. Esselte Pendaflex Corp.*, 769 F. Supp. 264, 265 (M.D. Tenn. 1991); *Spring Air Co. v. Englander Licensing Liab. Co.*, No. 01 C 7140, 2001 WL 1543510, at *2 (N.D. Ill. Nov. 29, 2001)).

The Court is persuaded by Plaintiff's argument. The primary jurisdiction doctrine does not apply in this case because Plaintiff's claims involve more than the narrow issue of whether Plaintiff is entitled to maintain its registration. As Plaintiff correctly argues, the TTAB will only address whether Plaintiff may maintain its registration, and the TTAB will not address broader issues related to trademark use, geographic priority, alleged fraud in seeking state registrations, false advertising, unfair competition, and equitable concerns potentially barring Defendant from asserting infringement claims. *See* ECF No. [13] at 2-3.

In *BP Int'l*, 2008 WL 11436772, at *2, the district court denied a similar motion for a stay pending a TTAB registration cancellation proceeding. The court held that "whether or not infringement has occurred will depend on dates of use, timing of acquisition of rights, strength of

Case No. 21-cv-62062-BLOOM/Valle

marks, and other factors germane to a likelihood of confusion[,]" and "[n]one of these issues requires the Court's deference to the TTAB's administrative expertise." *Id.* Likewise, in this case, because this Court must address Plaintiff's broader legal claims irrespective of the TTAB's determination, a stay is not warranted.

Furthermore, Plaintiff is entitled to a prompt resolution of the broader legal claims before this Court. In *Goya Foods*, the Second Circuit stated,

> But where, as in the pending case, a district court suit concerns infringement, the interest in prompt adjudication far outweighs the value of having the views of the PTO. Whether a litigant is seeking to halt an alleged infringement or, as in this case, seeking a declaration of non-infringement, it is entitled to have the infringement issue resolved promptly so that it may conduct its business affairs in accordance with the court's determination of its rights. Delaying consideration of [plaintiff's] claim pending the outcome of the TTAB proceedings undercuts the purpose of declaratory relief by forcing [plaintiff] either to abandon use of trademarks it has used for more than a decade or to persist in piling up potential damages.

*Goya Foods*, 846 F.2d at 853-54 (internal quotation marks and citation omitted). Similarly, in this case, Plaintiff's interest in a prompt adjudication of its claims outweighs the value of waiting for the TTAB's determination regarding the cancellation of the registration.

Lastly, the Court agrees with Plaintiff that the first-filed rule is not applicable in this case. The first-filed rule is applicable only when there are two actions with overlapping issues and parties pending in two federal courts. *See Manuel,* 430 F. 3d at 1135. The TTAB proceeding is not a federal judicial proceeding and, as such, the first-filed rule is inapplicable. In sum, Defendant has failed to meet its burden of demonstrating the necessity, appropriateness, and reasonableness of a stay.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [8]**, is **DENIED**. The Parties shall proceed with discovery, and all dates and deadlines shall remain the same.

Case No. 21-cv-62062-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 8, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record